UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERZY SZEWCZYK, AND BARBARA SZEWCZYK,**<br><br>Plaintiffs,<br><br>vs.<br><br>**LETOM, INC., d/b/a GARDEN STATE MOTOR LODGE, and RANDALL BRODA, Individually,**<br><br>Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JERZY SZEWCZYK ("Jerzy") and Plaintiff BARBARA SZEWCZYK ("Barbara") (collectively "Plaintiffs"), by and through their attorneys, upon personal knowledge and upon information and belief, bring this Complaint against Defendants LETOM, INC., d/b/a Garden State Motor Lodge ("Defendant" or "Letom"), and Randall Broda, individually ("Broda") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 201 et. seq.

1

3. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff Jerzy performed non-exempt maintenance duties for the Defendants in New Jersey and based from Defendants' business located in Union, Union County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times material hereto, Plaintiff Barbara performed non-exempt housekeeping duties for the Defendants in New Jersey and based from Defendants' business located in Union, Union County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Letom, Inc., is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant owns and operates a motel, which regularly services people from out of state. Alternatively, Plaintiffs worked in interstate commerce, i.e., using tools and products to perform their respective job duties, those products which have moved through interstate channels, so as to produce an end product for Defendants' consumers. Thus, Plaintiffs fall within the protections of the Act.

## PARTIES

8. Plaintiff Jerzy is an adult individual who is a resident of Linden, New Jersey.

9. Plaintiff Barbara is an adult individual who is a resident of Linden, New Jersey.

10. From in or about 2008, to in or about April, 2016, Plaintiff Jerzy was employed by Defendants full time as a maintenance worker, performing labor duties, including but not limited to repairing walls, painting, cleaning and replacing carpets, fixing leaks, performing plumbing, a/c and heating maintenance and repairs.

11. From in or about 2008, to in or about April, 2016, Plaintiff Barbara was employed by Defendants full time as a housekeeper, performing labor duties, including but not limited to cleaning guest rooms, specifically changing linens and towels, vacuuming, sweeping, mopping, scrubbing, and other general cleaning duties.

12. Upon information and belief, the Defendant Letom, Inc., is headquartered in Union, Union County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Letom, Inc., employs individuals to perform labor services on behalf of the Defendants.

14. Upon information and belief, at all times relevant to this Complaint, the Defendant Letom's annual gross volume of sales made or business done was not less than $500,000.00.

15. At all times relevant to this Complaint, the Defendant Letom, Inc., was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

16. Upon information and belief, Defendant Broda is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Broda has been an owner, partner, officer and/or manager of the Defendant Letom, Inc.'s, business.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Broda has had power over personnel decisions at the Defendant Letom, Inc.'s, business

19. Defendant Broda was present at the Union location every day, and managed the day to day operations, controlled the employees, pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

20. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiffs for all overtime hours worked in a work week.

21. Plaintiff Jerzy was an hourly employee; his hourly rate of pay was initially $8.50 per hour and then increased to $9.00 per hour.

22. Plaintiff Jerzy was also in receipt of an apartment, which he shared with Plaintiff, Barbara, the value of which is $1,000.00.

23. Plaintiff Jerzy routinely worked six (6) days per week. Plaintiff was also on call 24 hours per day.

24. Plaintiff Jerzy worked between sixty (60) and seventy (70) hours per week.

25. Plaintiff Jerzy was not paid at a time and one half rate for his hours worked over forty (40) each and every workweek.

26. Plaintiff Jerzy was not compensated at all for his work performed while he was on call.

27. Plaintiff Barbara was an hourly employee; her hourly rate of pay was approximately $8.50 per hour.

28. Plaintiff Barbara was also in receipt of an apartment, which she shared with Plaintiff, Barbara, the value of which is $1,000.00.

29. Plaintiff Barbara routinely worked five (5) to six (6) days per week.

30. Plaintiff Barbara worked between sixty (60) and seventy (70) hours per week.

31. Plaintiff Barbara was not paid at a time and one half rate for her hours worked over forty (40) each and every workweek.

32. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

33. At all times material hereto, Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

34. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiffs during the material time.

35. The records, if any, concerning the number of hours worked by Plaintiffs, are in the possession and custody of Defendants.

36. The records, if any, concerning the compensation actually paid to Plaintiffs are in the possession and custody of Defendants.

37. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiffs and those similarly situated employees performed services and labor for Defendants for which Defendants

made no provision to pay Plaintiffs compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

38. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

39. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 38 above.

40. Plaintiffs are entitled to be paid additional compensation for each of their overtime hours worked per workweek.

41. Defendants knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for their overtime hours worked in a workweek.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages, plus incurring costs and reasonable attorneys' fees.

43. As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

44. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 43 above.

45. Defendants' aforementioned conduct is in violation of the NJWHL.

46. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

47. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiff JERZY SZEWCZYK and Plaintiff BARBARA SZEWCZYK, demand judgment against Defendants LETOM INC. d/b/a Garden State Motor Lodge and Randall Broda, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: January 22, 2017                     Respectfully submitted,

                                                    s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street
Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiffs*